974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nona Wright BOUIE, Defendant-Appellant.
 No. 91-6448.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals her conviction for concealing by scheme material facts from the United States Department of Housing and Urban Development (HUD), and for making false statements to HUD, all in violation of 18 U.S.C. § 1001. We AFFIRM.
 
 I.
 
 2
 In 1985 defendant Nona Wright Bouie was receiving rent and utilities from HUD, as administered by the Jefferson County Housing Authority. Defendant signed a certificate of family participation on March 13, 1985; and a lease renewal on May 3, 1985. Defendant was single at the time and listed her address as 5409 Regal Drive in Louisville, Kentucky. In signing the certificate, defendant acknowledged a condition which stated in pertinent part that the recipient of benefits must provide "such family income information and records as may be required in the administration in the program"; and "give at least 30 days' notice to the PHA of the family's intention to vacate the unit...."
 
 
 3
 On September 1, 1985, defendant married Kevin Bouie, who was in the Army. The couple moved to Fort Knox in December 1985 where defendant resided until approximately November 1987. Defendant did not inform the Housing Authority of her marriage to Kevin Bouie, her spouse's income, or her move to Fort Knox. Defendant continued to sign the name "Wright" on HUD documents and to represent that she lived at 5409 Regal Drive. Furthermore, at two separate hearings conducted by the Housing Authority, defendant maintained that she was single and that she resided at 5409 Regal Drive.
 
 
 4
 Defendant's benefits were eventually terminated on February 29, 1988. Defendant was indicted, tried before a jury, and convicted.
 
 II.
 
 5
 Defendant argues that there was insufficient evidence on the element of defendant's intent to violate 18 U.S.C. § 1001. She therefore contends that the trial court erred in denying her motion for judgment of acquittal. In evaluating claims for insufficiency of evidence, the reviewing court must examine the evidence in the light most favorable to the government and will affirm the jury's verdict unless no rational trier of fact could have found, beyond a reasonable doubt, that Nona Wright Bouie committed the offenses charged. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989).
 
 
 6
 Defendant's assertion notwithstanding, there is abundant evidence in the record to establish defendant's intent to violate 18 U.S.C. § 1001. Defendant admitted at trial that she had been briefed by the Housing Authority as to the requirements and conditions of receiving benefits, including the duty to give notice of changes in family status. In addition, defendant attended annual re-certification meetings each year at which time she signed HUD documents, such as lease renewal forms. She never indicated a change in marital status or income on any of those documents. Defendant's signature verifying the contents of the documents is sufficient to demonstrate her intent to make the false statements. See United States v. Lanier, 578 F.2d 1246, 1250 (8th Cir.), cert. denied, 474 U.S. 818 (1978). Finally, defendant's husband Kevin Bouie testified that defendant moved to Fort Knox in early 1986 and that he supported defendant and her children. Although defendant testified to the contrary as to each of these facts, the jury, as sole trier of the facts, was free to disbelieve her.
 
 
 7
 In sum, there is more than sufficient evidence to support the element of intent and this court will not disturb the jury's findings. The judgment of the district court is AFFIRMED.